## Mullins v. Rowe et al.

January 24, 1950.

R. Monroe Fields, Judge.

V. R. Bentley for appellant.

E. J. Picklesimer for appellees.

JUDGE CAMMACK—Reversing.

Fon Mullins and R. C. Rowe each owned a small piece of property in Pike County. On January 26, 1939, they made mutual conveyances of their property. The deeds contained a statement that there was some question of title and provided that unless the title was cleared within four years, the vendee should recover $500.00 from the vendor and the conveyance should be held for naught.

In 1945, Mullins instituted this action against Rowe

and persons to whom the latter had conveyed a portion of the land deeded him by Mullins, alleging that Rowe had no title to the land he purported to convey. As finally amended, the petition sought a judgment for $500.00, as provided in the original deed.

The defense offered was that Mullins entered into possession of the land and was at no time disturbed therein prior to his conveyance of it to John Hackney. The appellant admitted he entered into possession of the land and that no legal action was ever instituted questioning his possession. However, he stated that upon learning of Rowe's failure of title, he did not assert ownership. He denied that this tract of land was included in the lands sold to Hackney.

While the Mullins-Hackney deed is not in the record, Hackney admitted that the Rowe property was not included in his deed. In detailing the transaction between the two, he stated that he was to get the Rowe property as soon as Mullins and Rowe had settled the question about the title, that the price he paid was intended to include the Rowe property and that he went into possession of that property at the time he entered upon the other property conveyed him by Rowe. Subsequent to his transaction with Mullins and his taking possession of the Rowe land, Hackney bought an outstanding title to the land from those who Mullins is now insisting were the owners thereof.

Mullins introduced a deed whereby Martha Prater and Haskel Prater, her son, obtained title to the land. It is by alleged deeds from Martha Prater and from the "Commissioners of Magoffin County," the latter of which conveyed the interest of the infant Prater children, that Rowe asserts his ownership of the land. Neither of these deeds was introduced in evidence. Mullins, however, introduced a deed from Haskel Prater to Ethel Charles Hughes and a deed from J. W. and Ethel Hughes to Hackney, which deeds except the life estate of Martha Prater. Thus it is seen that Mullins has established a chain of title from Martha Prater, under whom Rowe claims, to Hackney. No records were introduced to substantiate Rowe's assertion of title.

This transaction involved a mutual conveyance of land. Both deeds stated that the consideration of

$500.00 represented the value placed on the other land. Foreseeing the possibility of a failure of title, each deed provided for the recovery of that sum in the event the title to either piece of property had not been cleared up within four years. This action is on that contract and the recovery sought of Rowe is in reality but the consideration for the property conveyed to him by Mullins. To such an action the defense of undisturbed possession is unavailing.

Nor is the plea of champerty as to the deed from Martha Prater to Ethel Hughes tenable. Mullins testified that, upon becoming apprised of the state of the title, he asserted no claim to the land. Such possession, even though it lasted for the statutory period, would not have ripened into title and can not render champertous a deed by the holder of the record title.

It is not necessary to determine the effect, if any, of a conveyance by Mullins prior to the institution of the action. Mullins denied that he sold the land to Hackney, and the latter admitted that the land was not included in the deed he accepted. It is apparent that the sale has not been established competently.

Mullins proved a defective title, which had not been cleared in the time prescribed by the contract of the parties. Therefore, he is entitled to liquidated damages of $500.00 and the deed which he accepted is void.

The judgment is reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.